The Attorney General is in receipt of your request for an official opinion wherein you ask, in effect, the following questions: 1. In a school district where teachers do not bargain pursuant to 70 O.S. 509.1 [70-509.1], et seq. (1971), as amended, but rather conduct negotiations by committee as permitted by HB 1140, 23 37th Legislature, First Regular Session, Laws 1979, c. 282, codified as 74 O.S. 285 [74-285](46) (1979) may administrators be elected to the committee as representatives of the classroom teachers to negotiate with the agents of the local board of education? 2. If the answer to the first question is in the negative, may the administrators participate in the election of committee representatives? At the outset, it is appropriate to observe that the legislation to which the request relates is exclusively concerned with the provision of "a salary and/or fringe benefit increase for each state teacher according to years of experience and degree," as specified in a "Minimum Salary Schedule." See Laws 1979, c 283, 23(A) . The proviso referenced in your first question does not relate to the overall negotiation process relative to negotiable items other than minimum salary and/or fringe benefit increases for state teachers. See 70 O.S. 509.2 [70-509.2] (1978). This opinion shall be limited to a discussion of Laws 1979, c. 282, 23(B), which states: "Provided, further, if the professional staff and the board of education of a school district are using the negotiation process as set out by Oklahoma law, the distribution of the mandated increase may become a negotiable item. Provided, however, that if a majority of the professional staff of a school district has by election approved an agreement with the board of education of the district in lieu of statutory negotiations, the board of education and school administration may work with the duly elected representatives of its professional staff to adopt a salary schedule which meets or exceeds the state minimum. And provided further, that nothing in this act shall prohibit any board of education or school administration from working with a committee elected by classroom teachers for the purpose of determining a salary schedule which meets or exceeds the state minimum." The first sentence of Section 23(B), is a direct reference to the "negotiation process" established by 70 O.S. 509.2 [70-509.2] (1978). Although it is not clear by the language of the statutes, it appears that the Legislature in the second sentence of 23(B) was referring to negotiation procedures permitted under an authority of 70 O.S. 509.10 [70-509.10] (1971). Neither the first nor the second sentence of 23(B) have any bearing on a resolution of the questions presented in your request. The last sentence of 23(B) is a reenactment without material variation of the same provision contained in the appropriations bill for the State Department of Education for the Fiscal Year 1978. Laws 1978, c. 182, 19, codified as 74 O.S. 285 [74-285](46) (1978). The same provision was the subject of recent Attorney General's Opinion No. 78-311. One of the inquiries in Opinion No. 78-311 was who might participate in the election of the committee to represent the classroom teachers. The Opinion concluded that "the referred committee must be one solely elected by classroom teachers." Attorney General's Opinion No. 78-311 did not consider whether supervisory or managerial employees of a school district, such as a school superintendent, principals, etc., were eligible to serve as members of the committee if so elected by classroom teachers. The language of the statute itself offers the reader little or no express guidance as to the intent of the Legislature on the subject of composition of "committee." There is, however, some general guidance which may be gleaned from the pronouncements of the Legislature in this generalized area of teacher negotiations. Although not controlling on the situation here presented, the provisions of 70 O.S. 509.4 [70-509.4] (1978), illustrate one of these generalized principles. 70 O.S. 509.4 [70-509.4] defines "professional educators" in the following terms: "Professional educators shall be defined as certified public school teachers. Provided, principals and assistant principals in all school districts with an average daily attendance of thirty-five thousand (35,000) or more constitute a separate entity for purposes of collective bargaining but shall be subject to the same procedures and regulations set forth in this act for professional educators." All administrators in the public school system of this state are required to hold "a valid certificate issued by and in accordance with the rules and regulations of the State Board of Education" and the term "teacher" includes superintendents, principals and other school administrators. 70 O.S. 1-116 [70-1-116](1) (1973). Another generalized principle which may be inferred by from the legislative formulas for conducting various types of teacher negotiations is that with the possible exception of legal counsel retained for such purpose, only employees of the school district with whom negotiations are being undertaken may serve as representatives of the negotiating group. Although not expressly stated anywhere in the statutes, another generalized principle must arise by natural implications. This principle being that no individual may represent both the local board of education and the employee group with whom the negotiations are being undertaken. See 70 O.S. 509.3 [70-509.3] (1971). On the basis of the foregoing, it is reasonable to conclude that the Legislature did not expressly prohibit nor did it intend to prohibit a school administrator from serving on the committee elected to represent "classroom teachers" were such an individual duly elected by classroom teachers to serve in that capacity. This conclusion is modified, however, by the requirement that should an administrator be designated as the representative of a local board of education for conducting negotiations, the administrator would not be eligible to serve as a representative of the "classroom teachers" on the committee. Our conclusion in this regard should not be taken as a departure from the position announced in Attorney General's Opinion No. 78-311. Only classroom teachers may participate in the election of the committee to represent classroom teachers in negotiations relative to the salaries and/or fringe benefits. We recognize that in some instances a school administrator may also have responsibilities as a "classroom teacher." 70 O.S. 1116 [70-1116](3) (1973). In those instances, a "teaching principal" would also be a "classroom teacher" and eligible to participate in the election of the committee. It is, therefore, the official opinion of the Attorney General that the last sentence of Laws 1979, c. 282, 23(B) does not expressly or implicitly prohibit any school administrator from being elected to service on the committee representing "classroom teachers" in their salary and/or fringe benefit negotiations with the local board of education so long as the administrator is not also serving as a representative of the local board of education in the negotiations. Also, the conclusion of Attorney General's Opinion 78-311 that school district and school administrators may not participate in the election of a committee to represent "classroom teachers" is reaffirmed with the modification that a principal who is a "teaching principal" as defined in 70 O.S. 1-116 [70-1-116](3) (1973) is a "classroom teacher" and may participate in the election. (JOHN F. PERCIVAL) (ksg)